**INDUSTRIAL COMMISSION v REEDER**

Ohio Appeals, 2nd Dist, Clark Co

No 324. Decided Dec 27, 1933

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Ass't Attorney General, Columbus, Orville Wear, Prosecuting Attorney, Springfield, Fred M. Carpenter, Ass't. Prosecuting Attorney, Springfield, for plaintiff in error.

R. Stanley Lucas, Springfield, and Cowan, Adams & Adams, Columbus, for defendant in error.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on proceedings in error from the order, finding and judgment of the Common Pleas Court of Clark County, Ohio.

The above entitled cause originated before the Industrial Commission, where a finding was made that the claimant, Charles Reeder, was not entitled to participate in the industrial fund by reason of claimed injuries. It was the finding of the Commission that claimant was not injured in the course of his employment while working for the City of Springfield, Ohio. An appeal was taken to the Court of Common Pleas and there a jury returned a verdict for the claimant Reeder, and after motion for new trial being overruled, judgment was entered on the verdict. The Industrial Commission now prosecutes error. Very full and able briefs are presented by counsel representing the respective parties. As we view the case, the sole and only question for our determination is, whether or not the claimant, Reeder, was in the employ

of the City of Springfield at the date of the claimed injury.

It was the contention of the city that he was the employe of a Mr. Beatty and that while injuries were received while he was doing repair work on some of the buildings connected with the Water Works of the city, yet all the contractual relations on the part of the city were with Beatty and not with the claimant, Reeder. It appears from the record that considerable work was required to be done in the way of repairs and that the nature of this work was such that it was difficult to prepare plans and specifications and have a public letting for the reason that it could not be known in advance, until actually getting into the work, just how much would be required. In other words, it required much tearing out and then after finding the conditions, supplying decayed and disintegrated parts and restoring to good condition. The arrangement for this work was with the Superintendent of the Water Works and the entire arrangement was made with Mr. Beatty. It is conclusively established from the evidence that the city was to furnish all material and Beatty to furnish all necessary tools and labor at the price of $1.25 per hour for labor. Beatty and the claimant, Reeder, admit that Beatty and no one else procured Reeder's services to assist in this work and that Beatty and no one else paid him. Beatty drew from the city at regular intervals, the check for all time based on $1.25 per hour for all men working on the carpenter repair. Beatty kept time of all men, as did some representative of the Superintendent of the Water Works. Beatty paid Reeder $1.00 per hour. Besides Beatty and Reeder one other carpenter was employed and he was paid by Beatty on the same basis of $1.00 per hour. Neither Reeder nor the other employee were on the city payroll.

Reeder claimed to have received injuries through sawdust flying into his left eye when he was operating a machine on the job. Infection followed and the evidence indicates that he has entirely lost the sight of that eye. At the time in question Beatty was not a subscriber to the industrial fund. There is evidence indicating that there was some move made to present the claim as an employe of Beatty, but this was changed after the lapse of several years.

Considering the record as a whole, we think the evidence establishes conclusively that the claimant, Reeder, was an employee of Beatty and not of the city. We regret very much that we feel compelled to reverse the judgment of the trial court, but under the facts no other conclusion can be arrived at. In our judgment, the trial court should have directed a verdict. We now enter final judgment at cost of the claimant. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.